```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Rafael Giron                :      Case No. 2:06-cv-0987

    Plaintiff,          :      JUDGE FROST

    v.                  :      MAGISTRATE JUDGE KEMP

Nurse Bryant                :

    Defendant.          :

OPINION AND ORDER

On November 29, 2006, pro se prisoner Rafael Giron filed a complaint in this Court under 42 U.S.C. §1983 alleging violations of his constitutional rights. On February 2, 2007 and again on April 10, 2007, Mr. Giron filed motions for leave to file an amended complaint. (See docs. #10, 13). On April 30, 2007, the defendant, Nurse Bryant, filed a response in opposition. The motions for leave to file an amended complaint are fully briefed and ripe for adjudication. For the following reasons, the later-filed motion to amend (doc. #13) will be granted in part. The other motion (doc. #10) will be denied as moot.

I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401

U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has liberally interpreted this rule to mean that in the absence of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment" leave should be granted. Coe v. Bell, 161 F.3d 320, 341 (6th Cir.1998)(quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir.1994); see also Foman, supra, at 715. In addition, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir.1982). Stated differently, deciding if any

prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

II.

Mr. Giron's original complaint appears to contain only a prayer for relief and a brief statement indicating that he was physically injured due to Nurse Bryant's alleged "reckless negligence" and "intentional disregard" for his physical and emotional limitations. (Complaint, p. 5). The complaint itself does not recite any facts or events describing Mr. Giron's

alleged constitutional violation. The exhibits attached to the original complaint (and in particular his exposition of his claim) reveal that Mr. Giron appears to be claiming an Eighth Amendment violation for the way Nurse Bryant handled and treated him while in the Corrections Medical Center.

In his first motion to amend, Mr. Giron appears to be asking permission to amend or supplement his complaint at some future time, based on his alleged physical and psychological limitations and restrictions in his access to legal materials and assistance. The second motion is accompanied by a proposed amended complaint.

Nurse Bryant, in opposition to the second motion, argues that Mr. Giron's amended complaint does not specify what defects in the original complaint he intends to cure, fails to identify by name any new defendants, and would be the subject of a motion for a more definite statement. Nurse Bryant contends that allowing any amendments would be futile.

III.

It is important to note that because Mr. Giron is proceeding pro se, this Court must liberally construe the pleading and hold the complaint to a less stringent standard than a similar pleading drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nevertheless, this court recognizes that just because a plaintiff is proceeding pro se and is subject to a more "lenient" standard does not mean he or she will ultimately prevail or that he or she is entitled to take every case to trial. See Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996).

The Court agrees with the defendant that the amended complaint, as currently drafted, is fatally defective. It does not really clarify his claims against the only current defendant, Nurse Bryant, and although it appears to be an attempt to assert additional claims against other defendants, they are not named nor even identified as "Jane Does" or "John Does." The new allegations do not allege Nurse Bryant's involvement in those matters. Without new defendants being named, the amended complaint simply fails to set forth any viable claims in addition to those originally pleaded.

However, Mr. Giron should be given a chance to file a pleading that does not suffer from these defects. Therefore, he may, within thirty days, file an amended complaint that not only states the claims described in his proposed amended complaint but names new defendants to go along with those claims. The Court will screen any such amended complaint before ordering service of process.

IV.

Based on the foregoing, Mr. Giron's motion for leave to file amended complaint (doc. #13) is GRANTED to the following extent. Within 30 days, he may file an amended complaint that pleads the claims set forth in the complaint he offered on April 10, 2007, but which names new defendants to accompany any new claims not asserted solely against defendant Bryant. The Court will screen the new complaint before service is ordered on any new defendant. Additionally, the prior motion for leave to file an amended complaint (doc. #10) is denied as MOOT.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge