IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rafael Giron,                  :

    Plaintiff,              :

  v.                           :     Case No. 2:06-cv-0987

Nurse Bryant,                  :     JUDGE FROST

    Defendant.              :

## REPORT AND RECOMMENDATION

    Plaintiff, Rafael Giron, a state prisoner incarcerated in the Corrections Medical Center in Columbus, Ohio filed a complaint seeking compensatory and punitive damages pursuant to 42 U.S.C. §1983. Mr. Giron's claim arises out of an incident that occurred at the Corrections Medical Center in September, 2005. Mr. Giron, a quadriplegic, alleges that when he was being bathed by Mary Bryant, a hospital aide, he fell to the floor and sustained a fractured hip. In his original complaint, Mr. Giron named only Ms. Bryant as a defendant. By Opinion and Order dated July 6, 2007, Mr. Giron was granted leave to file an amended complaint. In that order, the Court noted its intent to screen the amended complaint before ordering service of process.

    On August 2, 2007, Mr. Giron filed an amended complaint containing allegations against additional individuals, including several John or Jane Does. This matter is currently before the Court on Ms. Bryant's motion for summary judgment (#48) and for the screening of the amended complaint. For the following reasons, the Court will recommend that the motion for summary judgment be granted and that the remaining claims set forth in the amended complaint be dismissed as set forth below.

I.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

II.

Mr. Giron claims that Ms. Bryant exhibited deliberate indifference to his safety and medical needs, which arise from his quadriplegic condition, in violation of the Eighth Amendment. Mr. Giron sets forth the following factual allegations in his amended complaint and in his deposition.

According to Mr. Giron, he is paralyzed as the result of a gunshot wound to the head and is confined to bed. Amended Complaint at 4. Mr. Giron explains that he suffers "involuntary muscle contractions, muscle tremors, and shaking not unlike a seizure, but while fully conscious." Id. In September, 2005, when Ms. Bryant was bathing him, Mr. Giron asserts that she failed to put up the four protective rails on the bed despite his repeated requests that she do so. Id. at 4-5. Further, according to Mr. Giron, Ms. Bryant persisted in bathing him by herself rather than seeking assistance as he had requested. Id. at 4-5. Mr. Giron made three requests to Ms. Bryant to get help. Giron Depo., pp. 39, 49, 50, 54, 56. Mr. Giron contends that, in part due to his "muscle contracts/spasms," he fell approximately three and one half feet to the floor during the bath and sustained a hip fracture. Amended Complaint at 4-5.

According to Mr. Giron, immediately following the fall, Ms. Bryant did seek help in lifting him back into bed and raising the rails. Amended Complaint at 5. Mr. Giron asserts that he received a cursory examination for his injury once he was placed back in bed and that he began to complain of pain "shortly after the fall." Id. Mr. Giron states that he was given a thorough examination the following day, including an x-ray which revealed a fractured hip. Id. Subsequently, Mr. Giron asserts, he was transported to The Ohio State University Hospital where an examination confirmed the hip fracture and "revealed dislocation of Plaintiff's tibia and perone." Id. at 5-6.

In her motion for summary judgment, Ms. Bryant does not dispute that Mr. Giron fell to the floor and sustained an injury while she was bathing him without assistance. However, Ms. Bryant asserts that this incident was an accident and not the result of her deliberate indifference to Mr. Giron's serious medical need. In support of her summary judgment motion, Ms. Bryant has submitted her own declaration, Mr. Giron's medical records, and a summary of those medical records set forth in a declaration prepared by Darlene Smith, the Clinical Operations Manager at CMC. See Motion for Summary Judgment, Exhibits A-K.

III.

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health. Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991). This formulation has both a subjective and an objective component. Objectively, the medical condition at issue must be "serious" as opposed to "trivial," "minor," or "insubstantial." Subjectively, the defendants accused of violating the Eighth Amendment must have acted with a state of mind that can accurately described as "deliberate indifference." Each of these components requires some elaboration.

It is not always easy to distinguish serious medical conditions from those that are not sufficiently substantial to implicate the Constitutional prohibition against cruel and unusual punishment, and the facts concerning the seriousness of an inmate's condition are frequently in dispute. In evaluating such claims, courts have given weight to a variety of factors, including whether the condition is one that a doctor or other health care professional would find worthy of treatment, whether it significantly affects everyday activities, and whether it

causes (or, if left untreated, has the potential to cause) chronic and substantial pain.  See Chance v. Armstrong, 143 F.3d 688, 702-03 (2d Cir. 1998); see also Harrington v. Grayson, 811 F.Supp. 1221 (E.D. Mich. 1993)(focusing on the severity of the condition, the potential for harm if treatment is delayed, and whether such a delay actually caused additional harm).

Under some circumstances, expert testimony may be needed to establish the seriousness of a medical condition, particularly if the inmate's claim is founded upon an unreasonable delay in treatment.  See Napier v. Madison Co., Ky., 238 F.3d 739 (6th Cir. 2201).  In other cases, however, when the condition does not involve "minor maladies or non-obvious complaints of a serious need for medical care," but rather "an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers," expert testimony is not essential to a finding that a serious medical condition is present.  Blackmore v. Kalamazoo County, 390 F.3d 890, 898 (6th Cir. 2004).

As to the subjective element, in Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ." Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Because an Eighth Amendment medical claim must be

5

premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

IV.

As stated above, to establish an Eighth Amendment violation, Mr. Giron must demonstrate both a serious medical condition and Ms. Bryant's deliberate indifference to this condition. With respect to the first relevant inquiry - whether Mr. Giron has demonstrated a serious medical condition - there is no dispute that Mr. Giron is a quadriplegic and that he suffered a fractured hip as a result of an incident at CMC in September, 2005. Here, however, the Court need not address whether either his quadriplegic condition or his hip fracture constitute a serious medical condition for Eighth Amendment purposes because, as the record stands, Mr. Giron cannot succeed on the second inquiry. That is, a reasonable trier of fact could not conclude that Ms. Bryant was deliberately indifferent to Mr. Giron's medical condition.

According to Ms. Bryant's declaration, a bed bath, also known as a sponge bath, was part of Mr. Giron's daily morning care. Bryant Declaration at ¶6. Ms. Bryant performed Mr. Giron's morning care approximately five days a week for at least one year prior to September 25, 2005. Id. at ¶5. During this time, Ms. Bryant had bathed Mr. Giron unassisted every time she had bathed him in his bed. Id. at ¶8. The only time she ever

bathed Mr. Giron with assistance was when he needed to be removed from bed. Id. Following Mr. Giron's fall, Ms. Bryant immediately obtained nursing assistance to help her care for him. Id. at ¶11. Once he was returned to his bed, Mr. Giron initially declined a medical assessment to evaluate his injuries. Id. at ¶12. Ms. Bryant prepared an incident report concerning the fall. Id. at ¶13. See also Motion for Summary Judgment, Exhibit K. Ms. Bryant continued to care for Mr. Giron throughout the rest of the day and for approximately two weeks following the incident. Id. at ¶¶15, 16. Ms. Bryant characterizes Mr. Giron's fall as an accident. Id. at ¶14.

    According to Ms. Smith's declaration and the medical records, Mr. Giron received examination or treatment from the time period immediately following the fall until mid-December 2005. Declaration of Darlene Smith at ¶5; Motion for Summary Judgment Exhibits C through K. Further, according to these documents, surgery was never recommended for Mr. Giron's injury. Id. Instead, a conservative treatment plan designed to control Mr. Giron's pain was followed. Id. This treatment plan included bed rest and Motrin. Id.

    Mr. Giron has not provided any evidentiary materials in response sufficient to raise a genuine issue of material fact regarding the issue of deliberate indifference. While Mr. Giron testified at length in his deposition about the incident, nothing in his testimony provides any evidence of Ms. Bryant's subjective intent to cause him harm by bathing him without assistance on the day of the incident. For example, Mr. Giron has not provided any information demonstrating that Ms. Bryant had had any difficulty bathing him by herself in the past. Further, he has not demonstrated that there was anything particularly significant about the circumstances present on that day that would have allowed Ms. Bryant to conclude that there was a strong likelihood

7

of harm to Mr. Giron if she did not obtain assistance. Moreover, despite Mr. Giron's claim of deliberate indifference, in his deposition testimony he repeatedly described Ms. Bryant's actions in terms of negligence and not in terms of her knowing disregard of an excessive risk of harm to him. The Court recognizes that Mr. Giron also testified that this incident was not an accident because he told Ms. Bryant several times that he was going to fall to the floor and that she should get someone to assist her. Giron Depo., p. 37. But he distinguished the situation from an accident because it resulted from her negligence. Id. From the facts to which he testified - that he was about to slip out of bed but Ms. Bryant ignored his request to get help because she was always able to bathe him without assistance - a jury could infer negligence, but not deliberate indifference.

Additionally, Mr. Giron has not presented anything to contradict the medical reports concerning his immediate and follow-up care and course of treatment. The promptness and comprehensiveness of the response to Mr. Giron's fall further belie his claim of deliberate indifference. In short, Mr. Giron has demonstrated that his fall and resulting injury were either accidental, or at most, the result of negligence. It is well settled, however, that accidents and negligence cannot sustain an Eighth Amendment violation. Estelle, 429 U.S. at 107-09 (harm to a prisoner caused by accident or negligence does not alone constitute the necessary deliberate indifference). See also Whitley v. Albers, 475 U.S. 312 (1986) (neither accident nor negligence constitutes cruel and unusual punishment). Consequently, because Mr. Giron has failed to raise a genuine issue of material fact regarding deliberate indifference, the Court will recommend that Ms. Bryant's motion for summary judgment be granted on the Eighth Amendment claim.

Further, to the extent Mr. Giron's amended complaint can be

interpreted as asserting a claim against Ms. Bryant arising from her alleged violation of Ohio Administrative Code 4723-4-06, *Standards of Nursing Practice Promoting Client Safety*, the Court will recommend that summary judgment be granted on this claim as well. Initially, Mr. Giron has not provided any evidence that this provision would even apply to Ms. Bryant given that she is a health aide and not a nurse. Additionally, an alleged violation of Ohio state law does not state a viable claim under §1983. See Michael v. Ghee, 498 F.3d 372 (6th Cir. 2007)(citing Huron Valley Hospital, Inc. V. Pontiac, 887 F.2d 710, 714 (6th Cir. 1989))(§1983 may not be used as a vehicle to challenge "official conduct that allegedly violates state law"). Accordingly, the Court will recommend that Ms. Bryant's motion for summary judgment be granted on this claim as well.

V.

Turning to the remaining claims in the amended complaint, the Court, pursuant to a screening under 28 U.S.C. §1915A, will recommend that some be dismissed for failure to state a claim and others be dismissed without prejudice as explained below.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff

9

fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that Mr. Giron's remaining claims will be considered.

In his amended complaint, beginning at paragraph two, Mr. Giron has alleged additional violations of his constitutional rights, including failure to train or supervise claims. Mr. Giron names as defendants Deputy Warden Ron Nelson, Warden Kay Northrop, and several John or Jane Does. These claims arise from Ms. Bryant's alleged actions.

It is well-settled that liability may be imposed on supervisors only when they have "condoned, encouraged or knowingly acquiesced in the alleged unconstitutional violations of ... subordinates." Cabannis ex rel. Estate of Cabaniss v. City of Riverside, 497 F.Supp.2d 862, 883 (S.D. Ohio 2006). Here, however, as discussed above, Ms. Bryant did not commit any violation of Mr. Giron's constitutional rights that could support

10

a claim for supervisory liability.  Moreover, liability cannot be imposed on a supervisor under a failure to train theory.  Id.

Further, to the extent Mr. Giron asserts that certain John or Jane Doe defendants failed to "initiate adequate physical examination for injury to Plaintiff, and adequate access to emergency treatment for injuries," he cannot succeed.  As previously set forth, Mr. Giron's medical records demonstrate that he received significant immediate and follow-up care precluding any Eighth Amendment claim.  Additionally, any claims of negligence or medical malpractice are not cognizable under §1983.  Estelle v. Gamble, 429 U.S. 97, 106.  Consequently, the Court will recommend that Mr. Giron's amended complaint at paragraphs two through nine, including paragraphs i through xiv on pages four through six, be dismissed for failure to state a claim.

In addition to claims relating to his fall, Mr. Giron alleges violations of the Americans with Disabilities Act.  These claims are set forth at paragraphs ten through twelve and paragraphs i through vii on pages seven and eight of the amended complaint.  According to the allegations, due to a failure to accommodate his disability, Mr. Giron has been denied meaningful access to the grievance system and the courts.  Mr. Giron has named several individuals employed at CMC as defendants including the Inspector of Institutional Services Cary Sayers, ADA Coordinator Judy Johnson, and Warden Kay Northrop.

These claims arise under a different federal statute, rely on different facts, and involve at least two additional defendants than Mr. Giron's Eighth Amendment claim.  As an additional matter, the Court notes that individual prison officials cannot be held liable under the ADA.  Cox v. Jackson, __F.Supp.2d__, 2008 WL 4401420 at *12 (E.D. Mich. Sept. 29, 2008)("'Public entity' under the Act does not include an

individual prison official, and thus plaintiff fails to state a claim against the individual defendants under the ADA."). Because it is not clear whether Mr. Giron intends to proceed against a public entity and, given that these claims are sufficiently different from his other claims, the Court will recommend their dismissal at this time in light of the other recommendations made in this Report.  However, acknowledging Mr. Giron's *pro se* status, the Court will recommend that the dismissal of his ADA claims be without prejudice to later refiling if Mr. Giron so chooses.

## VI.

Based upon the foregoing, it is recommended that defendant Bryant's motion for summary judgment (#48) be granted, and that this case be dismissed with prejudice as to defendant Bryant. With respect to the remaining claims against other defendants set forth in the amended complaint (#32), it is recommended that these claims be dismissed as set forth above in Section V.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a

waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                        /s/ Terence P. Kemp
                                                        United States Magistrate Judge