IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rafael Giron,                :

    Plaintiff,          :

  v.                         :    Case No.  2:06-cv-0987

Nurse Bryant,                :    JUDGE FROST

    Defendant.          :

ORDER

    This matter is before the Court on the objection filed by plaintiff, Rafael Giron, to the Magistrate Judge's Report and Recommendation filed November 26, 2008 (#54).  In that Report and Recommendation, the Magistrate Judge recommended that Nurse Bryant's motion for summary judgment be granted.  The Magistrate Judge further recommended, pursuant to an initial screening of Mr. Giron's amended complaint, that the remaining claims against other defendants be dismissed.  As set forth below, Mr. Giron objects to the recommendation that Nurse Bryant's motion for summary judgment be granted.

    When objections are received to a Magistrate Judge's report and recommendation on a dispositive matter, the District Judge "shall make a de novo determination of any portion of the Magistrate Judge's disposition to which specific written objection has been made...."  Fed.R.Civ.P. 72(b).  After review, the District Judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."  Id.; see also 28 U.S.C. §636(b)(2)(B).  For the following reasons, the objection will be overruled and this case will be dismissed.

    Mr. Giron filed a complaint pursuant to 42 U.S.C. §1983

arising out of an incident that occurred at the Corrections Medical Center (CMC) in September, 2005. Mr. Giron, a quadriplegic, alleged that, when he was being bathed by Mary Bryant, a hospital aide, he fell to the floor and sustained a fractured hip. Mr. Giron also filed an amended complaint which included an additional claim against Ms. Bryant as well as claims against other CMC personnel.

In her motion for summary judgment, Ms. Bryant did not dispute that Mr. Giron fell to the floor and sustained an injury while she was bathing him without assistance. Ms. Bryant asserted, however, that this incident was an accident and not the result of her deliberate indifference to Mr. Giron's serious medical need.

The Magistrate Judge considered Mr. Giron's claim against Ms. Bryant under the Eighth Amendment. In order to establish an Eighth Amendment violation, a prisoner must show that he has a serious medical condition and that the defendant displayed a deliberate indifference to his health. Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991). A showing of deliberate indifference requires evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accidents and negligence cannot sustain an Eighth Amendment violation. Estelle at 107-09; see also Whitley v. Albers, 475 U.S. 312 (1986)

Applying these standards, the Magistrate Judge concluded that Mr. Giron did not provide any evidentiary materials sufficient to raise a genuine issue of material fact regarding the issue of deliberate indifference. The Magistrate Judge noted that, while Mr. Giron testified at length in his deposition about the incident, nothing in his testimony provided any evidence of Ms. Bryant's subjective intent to cause him harm by bathing him

without assistance on the day of the incident. For example, the Magistrate Judge found that Mr. Giron had not provided any information demonstrating that Ms. Bryant had had any difficulty bathing him by herself in the past. Further, the Magistrate Judge determined that Mr. Giron had not demonstrated that there was anything particularly significant about the circumstances present on the day of the incident that would have allowed Ms. Bryant to conclude that there was a strong likelihood of harm to Mr. Giron if she did not obtain assistance. Moreover, the Magistrate Judge noted that, in his deposition testimony Mr. Giron repeatedly described Ms. Bryant's actions in terms of negligence and not in terms of her knowing disregard of an excessive risk of harm to him. The Magistrate Judge recognized that Mr. Giron testified that this incident was not an accident because he told Ms. Bryant several times that he was going to fall to the floor and that she should get someone to assist her. However, the Magistrate Judge held that, from the facts to which Mr. Giron testified - that he was about to slip out of bed but Ms. Bryant ignored his request to get help because she was always able to bathe him without assistance - a jury could infer negligence, but not deliberate indifference.

Further, the Magistrate Judge recommended that, to the extent Mr. Giron's amended complaint could be interpreted as asserting a claim against Ms. Bryant arising from her alleged violation of Ohio Administrative Code 4723-4-06, *Standards of Nursing Practice Promoting Client Safety*, summary judgment was appropriate. The Magistrate Judge found that Mr. Giron did not provide any evidence that this provision would even apply to Ms. Bryant given that she is a health aide and not a nurse. Additionally, the Magistrate Judge noted that an alleged violation of Ohio state law does not state a viable claim under §1983. See Michael v. Ghee, 498 F.3d 372 (6th Cir. 2007)(citing

Huron Valley Hospital, Inc. v. Pontiac, 887 F.2d 710, 714 (6th Cir. 1989))(§1983 may not be used as a vehicle to challenge "official conduct that allegedly violates state law").

In his initial objection to the Report and Recommendation, Mr. Giron did not specify the recommendation to which he was objecting. Instead, he seemed to indicate that he was disadvantaged by the Court's failure to appoint counsel for him. However, in a document captioned as a "notice of appeal" which was filed after defendants' response to the objection, Mr. Giron states that he is objecting to the decision "regarding the dismissal of the case against Nurse Bryant." The Court construes this document (#58) as Mr. Giron's reply in support of his objection and not as a notice of appeal.

In his objection, Mr. Giron reiterates many of the same facts considered at length in the Magistrate Judge's Report and Recommendation. To the extent that he may have included any new factual allegations in his objection, they do not relate to the bathing procedures undertaken by Ms. Bryant on the day of the incident nor are they provided in any type of proper evidentiary form. Further, with respect to Mr. Giron's claim regarding the appointment of counsel, this issue was addressed by the Court in orders dated July 16, 2007 (#29) and November 2, 2007 (#40). Mr. Giron did not pursue reconsideration of these orders nor did he pursue any further request for appointment of counsel.

Because Mr. Giron has failed to raise any new arguments or issues in his objection, this Court, after a de novo review, will adopt the Magistrate Judge's Report and Recommendation in its entirety. See Butler v. Moore, 2006 WL 1281823 (S.D. Ohio May 9, 2006); Boyer v. Sheets, 2008 WL 3539107 (S.D. Ohio Aug. 11, 2008) (Magistrate Judge's Report and Recommendation adopted where petitioner raises all the same aruguments previously presented). Accordingly, Mr. Giron's objection is OVERRULED.

Based upon the foregoing, the Court overrules Mr. Giron's objection and adopts the Magistrate Judge's Report and Recommendation (#54) in its entirety.  Defendant Bryant's motion for summary judgment (#48) is GRANTED.  This case is dismissed with prejudice as to defendant Bryant.  The claims set forth in the amended complaint (#32) at paragraphs two through nine, including paragraphs i through xiv on pages four through six are dismissed for failure to state a claim.  Mr. Giron's ADA claims are dismissed without prejudice to later refiling.  The Clerk is directed to enter judgment in favor of defendant Bryant.  The Clerk is further directed to mail a copy of the complaint, amended complaint, the Report and Recommendation, and this order to the other named CMC defendants including Deputy Warden Ron Nelson, Deputy Kay Northrop, Inspector of Institutional Services Cary Sayers, and ADA Coordinator Judy Johnson.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE